IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD SMYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-cv-00037 |
| | § | |
| MUTUAL OF OMAHA INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Mutual of Omaha Insurance Company files its Answer and Affirmative Defenses to Plaintiff's Original Petition (ECF No. 1-1, the "Petition"), and its Counterclaim against Plaintiff Gerald Smyer, as follows:

**I.   ANSWER**

DISCOVERY LEVEL

1. Paragraph 1 of the Petition is entirely comprised of a reference to the Texas Rules of Civil Procedure, which are no longer applicable to this action due to its removal to federal court. Mutual of Omaha denies that Plaintiff is entitled to conduct discovery pursuant to a Level 3 discovery control plan.

PARTIES

2. Mutual of Omaha admits the allegations in Paragraph 2 of the Petition.

3. Mutual of Omaha admits the allegations in Paragraph 3 of the Petition.

JURISDICTION AND VENUE

4.     Paragraph 4 of the Petition is comprised of legal conclusions to which no response is required. To the extent a response is required, Mutual of Omaha admits only that it is authorized to conduct the business of insurance in the State of Texas. Mutual of Omaha otherwise denies the allegations in Paragraph 4 of the Petition.

5.     Paragraph 5 of the Petition is comprised only of legal conclusions to which no response is required. To the extent a response is required, Mutual of Omaha denies the allegations in Paragraph 5 of the Petition.

6.     Mutual of Omaha admits only that Plaintiff purports to assert claims through which he seeks monetary relief over $250,000 but not more than $1,000,000. Mutual of Omaha denies the remaining allegations in Paragraph 6 of the Petition.

7.     Paragraph 7 of the Petition does not include any factual allegations to which Mutual of Omaha is required to respond. Mutual of Omaha denies that it or any of its authorized agents engaged in any conduct that entitles Plaintiff to any of the damages sought by way of the Petition and denies the allegations of the Petition.

NOTICE

8.     Mutual of Omaha admits only that Plaintiff sent a letter dated September 20, 2021, which is a document that speaks for itself. Mutual of Omaha denies the remaining allegations of Paragraph 8 of the Petition.

FACTS

9.     Mutual of Omaha admits only that it issued lump sum cancer insurance policy No. 562100-95 to Plaintiff (the "Policy"), which is a document that speaks for itself. Mutual of Omaha otherwise denies the allegations in Paragraph 9 of the Petition.

10. Mutual of Omaha admits only that premiums were paid on the Policy prior to rescission of the Policy. Mutual of Omaha otherwise denies the allegations in Paragraph 10 of the Petition.

11. Mutual of Omaha admits only that it is authorized to and does conduct the business of insurance in the State of Texas. Mutual of Omaha otherwise denies the allegations in Paragraph 11 of the Petition, including all of its subparts.

12. Paragraph 12 of the Petition is comprised only of legal conclusions to which no response is required. To the extent a response is required, Mutual of Omaha admits only that it is authorized to and does conduct the business of insurance in the State of Texas. Mutual of Omaha otherwise denies the allegations in Paragraph 12 of the Petition.

13. Mutual of Omaha admits only that the Policy, which is a document that speaks for itself, contains a 30-day probationary period. Mutual of Omaha otherwise denies the allegations in Paragraph 13 of the Petition.

14. Mutual of Omaha admits only that Plaintiff submitted a claim for benefits, which is a document that speaks for itself, claiming a diagnosis date of April 6, 2021. Mutual of Omaha otherwise denies the allegations in Paragraph 14 of the Petition.

15. Mutual of Omaha admits only that Plaintiff submitted a claim for benefits, which is a document that speaks for itself, claiming a diagnosis date of April 6, 2021. Mutual of Omaha otherwise denies the allegations in Paragraph 15 of the Petition.

16. Mutual of Omaha admits that it sent a letter to Plaintiff dated July 15, 2021, which is a document that speaks for itself. Mutual of Omaha denies the remaining allegations in Paragraph 16 of the Petition.

17. Mutual of Omaha admits that Plaintiff sent Mutual of Omaha a letter dated July 28, 2021, which is a document that speaks for itself. Mutual of Omaha denies the remaining allegations in Paragraph 17 of the Petition.

18. Mutual of Omaha admits that it sent a letter to Plaintiff dated August 4, 2021, which is a document that speaks for itself. Mutual of Omaha denies the remaining allegations in Paragraph 18 of the Petition.

19. Mutual of Omaha denies the allegations in Paragraph 19 of the Petition.

20. Mutual of Omaha denies the allegations in Paragraph 20 of the Petition.

21. Mutual of Omaha admits only that Plaintiff appears to reference his medical records, which are documents which speak for themselves. Mutual of Omaha otherwise denies the allegations in Paragraph 21 of the Petition.

22. Mutual of Omaha admits only that Plaintiff appears to reference his medical records, which are documents that speak for themselves. Mutual of Omaha otherwise denies the allegations in Paragraph 22 of the Petition.

23. Mutual of Omaha denies the allegations in Paragraph 23 of the Petition.

24. Mutual of Omaha admits only that the excerpted portion of the letter referenced in Paragraph 24 of the Petition is a document that speaks for itself. Mutual of Omaha otherwise denies the allegations in Paragraph 24 of the Petition.

25. Mutual of Omaha denies the allegations in Paragraph 25 of the Petition.

26. Mutual of Omaha denies the allegations in Paragraph 26 of the Petition.

27. Mutual of Omaha admits that it sent a letter to Plaintiff dated July 15, 2021 and a letter to Plaintiff dated August 4, 2021, which are documents that speak for themselves. Mutual of Omaha denies the remaining allegations in Paragraph 27 of the Petition.

28. Mutual of Omaha denies the allegations in Paragraph 28 of the Petition.

29. Mutual of Omaha denies the allegations in Paragraph 29 of the Petition.

30. Mutual of Omaha denies the allegations in Paragraph 30 of the Petition.

31. Mutual of Omaha denies the allegations in Paragraph 31 of the Petition.

32. Mutual of Omaha denies the allegations in Paragraph 32 of the Petition.

33. Mutual of Omaha denies the allegations in Paragraph 33 of the Petition.

34. Mutual of Omaha denies the allegations in Paragraph 34 of the Petition.

35. Mutual of Omaha denies the allegations in Paragraph 35 of the Petition.

36. Mutual of Omaha admits only that Plaintiff's claim was denied. Mutual of Omaha denies the remaining allegations in Paragraph 36 of the Petition.

37. Mutual of Omaha admits only that Plaintiff's claim was denied. Mutual of Omaha denies the remaining allegations in Paragraph 37 of the Petition.

38. Mutual of Omaha denies the allegations in Paragraph 38 of the Petition.

39. Mutual of Omaha admits only that Plaintiff instituted litigation. Mutual of Omaha denies the remaining allegations in Paragraph 39 of the Petition.

CAUSES OF ACTION AGAINST DEFENDANT

BREACH OF CONTRACT

40. Mutual of Omaha denies the allegations in Paragraph 40 of the Petition.

NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE

41. Mutual of Omaha denies the allegations in Paragraph 41 of the Petition.

42. Mutual of Omaha denies the allegations in Paragraph 42 of the Petition.

43. Mutual of Omaha denies the allegations in Paragraph 43 of the Petition.

44. Mutual of Omaha denies the allegations in Paragraph 44 of the Petition.

45. Mutual of Omaha denies the allegations in Paragraph 45 of the Petition.

46. Mutual of Omaha denies the allegations in Paragraph 46 of the Petition.

47. Mutual of Omaha denies the allegations in Paragraph 47 of the Petition.

48. Mutual of Omaha denies the allegations in Paragraph 48 of the Petition.

49. Mutual of Omaha denies the allegations in Paragraph 49 of the Petition.

50. Mutual of Omaha denies the allegations in Paragraph 50 of the Petition.

51. Mutual of Omaha denies the allegations in Paragraph 51 of the Petition.

52. Mutual of Omaha denies the allegations in Paragraph 52 of the Petition.

53. Mutual of Omaha denies the allegations in Paragraph 53 of the Petition.

54. Mutual of Omaha denies the allegations in Paragraph 54 of the Petition.

55. Mutual of Omaha denies the allegations in Paragraph 55 of the Petition.

VIOLATION OF 28 TAC § 21.203

56. Mutual of Omaha denies the allegations in Paragraph 56 of the Petition.

57. Mutual of Omaha denies the allegations in Paragraph 57 of the Petition, including all subparts.

58. Mutual of Omaha denies the allegations in Paragraph 58 of the Petition.

59. Mutual of Omaha denies the allegations in Paragraph 59 of the Petition.

60. Mutual of Omaha denies the allegations in Paragraph 60 of the Petition.

61. Mutual of Omaha denies the allegations in Paragraph 61 of the Petition.

62. Mutual of Omaha denies the allegations in Paragraph 62 of the Petition.

BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

63. Mutual of Omaha denies the allegations in Paragraph 63 of the Petition.

TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT ("DTPA")

64. Mutual of Omaha denies the allegations in Paragraph 64 of the Petition.

65. Mutual of Omaha denies the allegations in Paragraph 65 of the Petition, including all of its subparts.

66. Mutual of Omaha denies the allegations in Paragraph 66 of the Petition.

67. Mutual of Omaha denies the allegations in Paragraph 67 of the Petition.

68. Mutual of Omaha denies the allegations in Paragraph 68 of the Petition.

69. Mutual of Omaha denies the allegations in Paragraph 69 of the Petition.

DECLARATORY JUDGMENT

70. Mutual of Omaha denies the allegations in Paragraph 70 of the Petition.

71. Mutual of Omaha denies the allegations in Paragraph 71 of the Petition.

72. Mutual of Omaha denies the allegations in Paragraph 72 of the Petition.

WAIVER AND ESTOPPEL

73. Mutual of Omaha denies the allegations in Paragraph 73 of the Petition.

CONDITIONS PRECEDENT

74. Mutual of Omaha denies the allegations in Paragraph 74 of the Petition.

DAMAGES

75. Mutual of Omaha denies the allegations in Paragraph 75 of the Petition.

76. Mutual of Omaha denies the allegations in Paragraph 76 of the Petition.

77. Mutual of Omaha denies the allegations in Paragraph 77 of the Petition, including all of its subparts.

EXEMPLARY DAMAGES

78. Mutual of Omaha denies the allegations in Paragraph 78 of the Petition.

ATTORNEYS' FEES

79.     Mutual of Omaha admits only that Plaintiff purports to seek an award of attorneys' fees in Paragraph 79 of the Petition. Mutual of Omaha denies that Plaintiff is entitled to such an award, and otherwise denies the allegations in Paragraph 79.

80.     Mutual of Omaha admits only that Plaintiff purports to seek an award of costs and attorneys' fees in Paragraph 80 of the Petition. Mutual of Omaha denies that Plaintiff is entitled to such an award, and otherwise denies the allegations in Paragraph 80, including all of its subparts.

JURY DEMAND

81.     Mutual of Omaha admits only that Plaintiff requested a jury in Paragraph 81 of the Petition. Mutual of Omaha denies that there are any triable issues of fact for the jury's consideration.

PRAYER

82.     The "Prayer" Section of the Petition is comprised only of legal conclusions to which no response is required. To the extent a response is required, Mutual of Omaha denies the allegations and denies that Plaintiff is entitled to judgment against Mutual of Omaha or is otherwise entitled to any form of relief.

**Unless specifically admitted herein, Mutual of Omaha denies the allegations in the Petition.**

## II.     AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred by the terms and conditions of the Policy, including the Application for the Policy, and by the doctrines of rescission, accord and satisfaction, release,

ratification, acquiescence, waiver, equitable estoppel, unjust enrichment, *in pari delicto*, laches and unclean hands.

2. Plaintiff's claims are barred because the Policy was mutually rescinded.

3. Plaintiff's Petition fails, in whole or in part, to state a claim upon which relief can be granted in that, *inter alia*, the coverage under the Policy was null and void due to material misrepresentations made in the Application for coverage by Plaintiff. In addition, Plaintiff failed to disclose material medical information as requested on the Application and Plaintiff inaccurately and improperly certified the accuracy of the information on the Application to obtain the Policy which is void as a result.

4. Mutual of Omaha timely and properly contested coverage under the Policy pursuant to its terms and the terms of the Application with respect to the material misrepresentations made on the Application and, therefore, Plaintiff is not entitled to benefits under the Policy as any coverage under the Policy is null and void.

5. Plaintiff has suffered no damages as a result of the matters alleged in the Petition as coverage under the Policy was void *ab initio* due to the knowing, material misrepresentations in the Application made by Plaintiff and the fact that Plaintiff inaccurately and improperly certified the accuracy of the information on the Application to obtain the Policy which is void as a result.

6. Plaintiff's claims are barred by the doctrine of merger and by the terms of the Application and the Policy.

7. Plaintiff's claims are barred, in whole or in part, by the parol evidence rule because the written terms of the Policy and Application control.

8. Plaintiff's claims are barred, in whole or in part, because Mutual of Omaha complied with the Policy in good faith at all times.

9. Plaintiff's claims are barred by the doctrines of waiver, estoppel, accord and satisfaction and release as Mutual of Omaha timely notified Plaintiff of its determination that the Policy was void due to material misrepresentations and that it was rescinding the Policy, Mutual of Omaha tendered a full refund of premiums to Plaintiff in support of its rescission of the Policy, and Plaintiff negotiated the premium refund check.

10. Plaintiff's claims raised in the Petition are barred because Plaintiff made material misrepresentations in the Application for the Policy which rendered coverage under the Policy null and void and of no force and effect and Mutual of Omaha properly and timely rescinded and contested coverage under the Policy.

11. Plaintiff's claims are barred, in whole or in part, by the failure of conditions precedent, the occurrence of which are and were required in order to give rise to Mutual of Omaha's duty to perform as alleged, if at all, and Mutual of Omaha states that all conditions precedent to recovery of benefits have not been satisfied as the Policy was void *ab initio*.

12. The acts and/or omissions alleged by Plaintiff do not rise to the level necessary for recovery of punitive, exemplary, and/or enhanced damages.

13. While Mutual of Omaha denies that Plaintiff has suffered any damages as a result of the denial of any claim for the Policy's benefits, Plaintiff's damages, if any, are limited to the benefits available under the Policy as Plaintiff has failed to state a claim upon which any other relief can be recovered.

14. Mutual of Omaha reserves the right to amend this Answer, including its Affirmative Defenses, as may be appropriate or necessary during the course of this litigation.

### III.    COUNTERCLAIM

Defendant/Counter-Plaintiff Mutual of Omaha Insurance Company for its Counterclaim against Plaintiff/Counter-Defendant Gerald Smyer ("Smyer") states:

1. This is an action for confirmation of mutual rescission and declaratory relief for the purposes of determining a question of actual controversy between the parties and an action for confirmation of mutual rescission of coverage under a lump sum cancer insurance policy.

### PARTIES

2. Mutual of Omaha is an insurance company incorporated in the State of Nebraska with its principal place of business in Omaha, Nebraska. As such, Mutual of Omaha is a citizen of the state of Nebraska.

3. Upon information and belief, Smyer is an individual domiciled in Aransas County, Texas.

### JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the action is between citizens of different states, as set forth above, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Smyer resides in this District. 28 U.S.C. § 1391(b).

### FACTUAL BACKGROUND

6. Smyer submitted an Application (the "Application") for a lump sum cancer insurance policy in the amount of One Hundred Thousand Dollars ($100,000.00) to Mutual of Omaha on or about February 24, 2021.

7. The Application contained a "Health Questions" section. The section started with the statement: "Please answer the questions below for the insurance type you are applying. **If the answer is Yes, any individual named will be excluded from coverage under this policy.**"

8. For lump sum cancer coverage, sections 1 and 2 of the Health Questions section were required to be completed.

9. On the Application signed by Smyer, each question in sections 1 and 2 of the Health Questions section was answered as "No."

10. The Agreements and Acknowledgments section of the Application provides, in pertinent part, above the signature line of the Proposed Insured (Smyer), as follows:

> 1. Applicant ("you") represents that my answers on this application are true and complete. Incorrect or misleading answers may void this application and any issued policy from its effective date.
>
> . . .
>
> 4. No producer can waive or change any receipt or policy provision or agree to issue a policy.

11. Smyer signed the Application on February 24, 2021.

12. Smyer was also the producer of the Policy, and certified and signed the Application as producer on February 24, 2021.

13. In underwriting and issuing the Policy, Mutual of Omaha reasonably relied on representations in the Application regarding Smyer's health and medical history to determine whether to issue the Policy and in assessing the risk it would accept by doing so. Mutual of Omaha further relied upon Smyer's representations in determining the appropriate or applicable charges to assess for insurance premiums.

14. The Policy specifies that it was issued "on the basis that all information shown in the application is correct and complete" and that "if it was not, your policy may not be valid."

The Policy also states that "[a]fter two years from the date a person becomes insured under this policy, only fraudulent misstatements in the application can be used to void the policy or deny any claim for loss incurred after the two-year period." The Policy further provides that "unless a material misrepresentation was made on your application, we cannot cancel your policy before the end of each grace period."

15. On May 17, 2021, Smyer submitted a claim for benefits under the Policy.

16. The Policy is contestable in that it was not in force for two years.

17. Because Smyer submitted a claim within the contestability period of the Policy, Mutual of Omaha conducted an investigation to review the accuracy of the statements on the Application. During the course of its investigation, Mutual of Omaha learned that Smyer had made material misrepresentations on the Application. Specifically, Mutual of Omaha learned that Smyer had failed to disclose certain medical diagnoses, treatments, and conditions which should have been disclosed in the Application.[1]

18. These misrepresentations and/or fraudulent statements, omitted facts, concealed material facts, and/or other failure to accurately, honestly, and/or truthfully answer and disclose material information were integral to Mutual of Omaha's decision to issue the Policy. Indeed, on the face of the Application, the Health Questions section of the Application expressly stated that the Proposed Insured would be excluded from coverage under the Policy if the Proposed Insured answers "Yes" to any questions in the Health Questions section of the Application.

19. Mutual of Omaha did not know these representations were false. If Smyer had provided full and accurate disclosures in the Application, Mutual of Omaha would not have

---

[1] Pursuant to federal and state privacy laws, Mutual of Omaha is not in a position to further elaborate on the exact nature of the material misrepresentations made to Mutual of Omaha by Plaintiff. If required at some later time, Mutual of Omaha will file relevant materials under seal with the Court.

issued the Policy. Smyer's failure to disclose Smyer's true health history was material to Mutual of Omaha's determination of the risk insured by the Policy.

20. Based upon the material misrepresentations contained in the Application and made a part of the Policy, by letter dated July 15, 2021, Mutual of Omaha rescinded Smyer's coverage under the Policy and notified Smyer of its rescission of the Policy.

21. Mutual of Omaha further tendered to Smyer a refund of premiums paid for the Smyer in the amount of $1,752.68 to rescind the Policy.

22. Smyer negotiated the premium refund check on August 4, 2021. *See* Exhibit 1.

## COUNT I – DECLARATORY JUDGMENT FOR RESCISSION

23. Mutual of Omaha incorporates in Count I the allegations in the foregoing paragraphs.

24. Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. §§ 2201 and 2202, Mutual of Omaha seeks a declaratory judgment that the Policy is null, void, and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions made on the Application, that no insurance was ever in effect, and that no benefits are due or payable under the Policy.

25. Under Texas law, an insurer can rescind an insurance policy on the basis of an insured's misrepresentations if the misrepresentations: (1) are of a material fact, and (2) affect the risks assumed. Tex. Ins. Code § 705.051. Here, the misrepresentations, omissions, concealment of facts, and incorrect statements in the Application were (1) material and (2) affected the risk assumed by Mutual of Omaha under the Policy. Mutual of Omaha would not have issued the Policy if the true facts had been made known to Mutual of Omaha as required by the Application for the Policy or otherwise.

26. On a timely basis and in accordance with the provisions of the Policy, Mutual of Omaha notified Smyer of its determination to void Smyer's coverage under the Policy because of the material misrepresentations and tendered a refund in full of the premiums paid for the Policy to Smyer. Smyer negotiated the premium refund check by signing the check and depositing it into a bank account at Navy FCU on August 4, 2021. *See* Ex. 1.

27. Accordingly, Mutual of Omaha is entitled to a declaration that the Policy was mutually rescinded, that the Policy is null, void, and rescinded *ab initio*, that no insurance was ever in effect, and that no benefits are due or payable under the Policy.

## RELIEF REQUESTED

Mutual of Omaha requests judgment against Plaintiff as follows:

(a) an order declaring and adjudging that the Policy was mutually rescinded, that the Policy is null, void and rescinded *ab initio*, that no insurance was ever in effect under the Policy, and that no benefits are due or payable under the Policy;

(b) an order awarding Mutual of Omaha costs of court; and

(c) an order awarding such other relief as the Court deems equitable and just to Mutual of Omaha.

Dated: March 1, 2022

Respectfully submitted,

By: /s/ *Emily K. Felix*
Jason A. Richardson
Attorney-in-Charge
State Bar No. 24056206
S.D. Tex. Bar No. 827917
MCDOWELL HETHERINGTON LLP
1001 Fannin, Suite 2700
Houston, TX 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8862
E-mail: Jason.Richardson@mhllp.com

Emily K. Felix
Of Counsel
State Bar No. 24093777

S.D. Tex. Bar No. 3398010
MCDOWELL HETHERINGTON LLP
1000 Ballpark Way, Suite 209
Arlington, TX 76011
Telephone: (817) 635-7300
Facsimile:  (817) 635-7308
E-mail: Emily.Felix@mhllp.com

**Attorneys for Defendant Mutual of Omaha Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022 a true and correct copy of the foregoing was served on the following counsel of record by CM/ECF:

Donald W. Elliott, Jr.
Jeffrey J. Lehrman
Andrew Schuster
ANDERSON, LEHRMAN, BARRE & MARAIST, LLP
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, Texas 78404
Telephone:  (361) 884-4981
Facsimile:   (361) 883-4079
delliott@albmlaw.com
jlehrman@albmlaw.com
aschuster@albmlaw.com

*/s/ Emily K. Felix*
Emily K. Felix